UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ JAN 4 - 2011 ★

BROOKLYN OFFICE

**SUMMONS ISSUED**

| | |
|---|---|
| WILLIAM ALBERT HART, JR.<br><br>Plaintiff<br><br>vs.<br><br>ALLIED INTERSTATE, INC.<br><br>Defendant | Case Number **CV11-0020**<br><br>CIVIL COMPLAINT<br><br>JURY TRIAL DEMANDED |

DEARIE, CH. J.

REYES, M.J

**COMPLAINT AND JURY DEMAND**

**COMES NOW,** Plaintiff, William Albert Hart, Jr., by and through his undersigned counsel, Bruce K. Warren, Esquire of Warren & Vullings, LLP complaining of Defendant and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, William Albert Hart, Jr., is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that Plaintiff resides here.

## III. PARTIES

4. Plaintiff, William Albert Hart, Jr., is an adult natural person residing at 106-14 Union Hall St., Jamaica, NY 11433. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Allied Interstate, Inc. at all times relevant hereto, is and was a Corporation engaged in the business of collecting debt in this State with a principal place of business located at 800 West Interchange, 435 Ford Road, Minneapolis, MN 55426.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

7. In or around September 2010, Defendant began to regularly place phone calls to Plaintiff regarding an apparent outstanding debt.

8. Defendant places phone calls to Plaintiff's home telephone number, as well as a second line that is used by his daughter in an apartment owned by Plaintiff.

9. All agents of Defendant routinely ask for "William Hart."

10. Defendant is attempting to reach Plaintiff's son, "William Henry Hart, III."

11. Plaintiff's son currently lives at college and cannot be reached at the two telephone numbers Defendant continues to call.

12. Plaintiff has informed agents of Defendant on countless occasions that his son lives at school and cannot be reached at his residence.

13. Defendant has placed upwards of fourteen (14) calls in one day to Plaintiff's residence.

14. Defendant has told Plaintiff at times that their calls would cease, but Plaintiff still receives daily phone calls.

15. Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

16. Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

17. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

18. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

19. Plaintiff has suffered and continues to suffer actual damages as a result of Defendant's unlawful conduct.

20. As a direct consequence of Defendant's acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, dear, frustration and embarrassment.

21. Defendant's conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I – FDCPA

22. The above paragraphs are hereby incorporated herein by reference.

23. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by the Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

24. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

> § 1692c(a)(1): At any unusual time, unusual place, or unusual time or place known to be inconvenient

| | | |
|---|---|---|
| § 1692c(b): | | With anyone except consumer, consumer's attorney, or credit bureau concerning the debt |
| § 1692d: | | Any conduct that natural consequence of which is to harass, oppress or abuse any person |
| § 1692e: | | Any other false, deceptive or misleading representation or means in connection with the debt collection |
| § 1692e(10): | | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| § 1692f: | | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against Allied Interstate, Inc. for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. §1692k;

c. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

d. Such addition and further relief as may be appropriate or that the interests of justice require.

### V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

Date: **December 20, 2010**         BY: _____
Bruce K. Warren, Esquire

Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA  19111
215-745-9800   Fax 215-745-7880
Attorney for Plaintiff